IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARL LEE RAMEY, Sr.,**

    **Plaintiff,**

vs.                                                      Civil Action 2:12-cv-592
                                                          Judge Frost
                                                          Magistrate Judge King

**GARY MOHR,** *et al.***,**

    **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff, an inmate at the London Correctional Institution ["LoCI"], brings this action under 42 U.S.C. § 1983 claiming a denial of medical care. This matter is now before the Court for the initial screen of the *Complaint*, Doc. No. 3, required by 28 U.S.C. §§ 1915(e), 1915A.

Named as defendants to the *Complaint* are the Director of the Ohio Department of Rehabilitation and Correction ["ODRC"] and various officials at LoCI, including the warden, the institutional inspector, an administrative assistant, the director of special services and the medical director. Plaintiff alleges that, because of a change in ODRC policy, certain over the counter medications that had previously been prescribed for him, including fish oil, Tylenol, medication for gastric reflux disease and allergies, are no longer provided to him. Plaintiff also alleges that he has not been referred to a specialist for treatment of genital warts, cysts and a rash on his face. Plaintiff asks that the Court order a full physical on plaintiff's "stomach, throat, knee and testicles . . . and all [his] medications that [he] needs." *Complaint*, p. 7. Plaintiff also seeks compensatory and punitive damages.

The Eighth and Fourteenth Amendments to the United States

Constitution proscribe "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Constitution does not, however, prohibit medical malpractice within the prison context. *Id.; Wester v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). Of course, a dispute over the course of medical treatment is likewise not actionable under §1983. *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977). On the other hand, the needless suffering of pain when relief is readily available gives rise to a cause of action against those whose deliberate indifference caused the inmate's unnecessary pain. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). Moreover, an inmate can state a colorable claim under §1983 even if it is alleged that the difference to his medical needs existed for only a short period of time. *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983).

Documents attached to the *Complaint* indicate that plaintiff has received substantial medical care on an approximate monthly basis at LoCI for hypertension, diabetes and elevated lipids. In a March 2011 disposition of plaintiff's grievance, the Chief Inspector advised plaintiff that treatment, including removal, of warts and rashes had not been authorized in the absence of medical necessity or complications. *Decision of the Chief Inspector on a Grievance Appeal*, attached to *Complaint* at p. 38. Over the counter medications, such as Prilosec, are apparently no longer prescribed for plaintiff but are available for purchase at the prison commissary. Although plaintiff complains that he cannot afford to purchase these medications, the Chief Inspector, in a June 2011 denial of plaintiff's grievance appeal, noted that

> you spent $238.35 [at the LoCI commissary] but did

2

> not purchase an[y] gastric reflux medication. I
> note that you have purchased coffee; tea; honey;
> mayonnaise; 2 pounds of sugar cubes; dill pickles,
> peanut butter; ice cream; 45 pkgs Ramen noodles;
> Vienna sausages, 30 pkgs chips/crackers; popcorn;
> and 73 pkgs of cookies/pastry/candy items.

*Decision of the Chief Inspector on a Grievance Appeal*, attached to *Complaint* at p. 31. In October 2011, the Chief Inspector noted that plaintiff refused an assessment of his complaints of warts and rash by defendant Dr. Woods because she is female. *Decision of the Chief Inspector on a Grievance Appeal,* attached to *Complaint* at p. 33.

The evidence submitted by plaintiff himself demonstrates that plaintiff has not been denied the medical care to which he is constitutionally entitled. The Court therefore concludes that the *Complaint* fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

It is therefore **RECOMMENDED** that the action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                              s/Norah McCann King
                                               Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge

DATE: July 6, 2012